IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES WRATH                                                                                    PLAINTIFF

V.                                              NO. 15-5215

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                        DEFENDANT

## **MAGISTRATE JUIDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6). (Doc. 9). In her motion, Defendant asserts that Plaintiff's counsel filed his complaint more than 75 days after receipt of notice of the Appeals Council decision. Accordingly, Defendant contends this matter should be dismissed. (Doc. 9). In support of her motion, Defendant provides the Court with copies of documents which reflect the procedural history as follows:

1. On June 25, 2015, the Appeals Council sent, by mail addressed to Plaintiff at 19831 Natural Walk Rd., Springdale, Arkansas, 72764-8823, a "Notice of Appeals Council Action," denying Plaintiff's request for review. (Doc. 9-1, Ex.3). In said notice, Plaintiff was advised that he had 60 days to file a civil action and that the 60 days started the day after he received the letter. He was also advised that it would be assumed he received the letter 5 days after the date of it unless he showed the Appeals Council that he did not receive it within the 5-day period.

2. Plaintiff filed the instant action on September 10, 2015. (Doc. 1).

Plaintiff's counsel argues that Plaintiff has a full scale I.Q. of 63 and is mentally impaired, and has a hearing loss and communicative difficulties. She also argues that he was represented by different counsel in his underlying action which was held before an

1

ALJ in the State of Washington in 2014, prior to him moving to Fayetteville, Arkansas. She states that Plaintiff contacted her to pursue an action in federal court and reported the date of his Notice of Denial of Review by the Appeals Council as July 6, 2015. In reliance on that date, counsel states that she filed the action in this court on September 10, 2015. (Doc. 1). It was the understanding of Plaintiff's counsel that at that time, Plaintiff's address was 3192 Adrian Ave., Apt. A, Springdale, Arkansas. Plaintiff does not dispute Defendant's recitation of the facts. In fact, in her response, Plaintiff's counsel states that although Plaintiff does not join Defendant's motion, "he concedes its strength now that the full document has been submitted into evidence and provided to counsel." (Doc. 10 at p. 2). Plaintiff provides the Court with a document showing that counsel attempted to mail intake forms to Plaintiff for completion on August 15, 2015. (Doc. 10-1). Pursuant to the Court's request, Plaintiff submitted an affidavit to the Court, stating that he contacted his present counsel on July 17, 2015, and that his address on that date was 3192 Adrian Ave., Apt. A, Springdale, Ark, 72764. (Doc. 12). He also states that it was his understanding that the law firm opened his case on 7/21/15, but was unable to reach him. Plaintiff does not recall the date he received the Notice of Appeals Council Action, but believes "it was shortly before I contacted McKinnon Law Firm on 7/17/2015; i.e., I contacted McKinnon Law Firm *because* I received the Notice." (Doc. 12). Plaintiff also states that he recently moved from 5020 E. Wyman Road, Fayetteville, AR 72701, to 308 Nonnmaker Dr., Fayetteville, AR 72701, which is his current address. (Doc. 12).

The Eighth Circuit Court of Appeals has noted that the promulgated regulations require a civil action to be commenced within sixty days after notice of the Appeals Council decision "is received by the individual." Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003)

referencing 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.981, 416.1481. "The regulations further provide that receipt of notice of the Appeals Council decision is presumed five days after the date of notice, unless there is a reasonable showing to the contrary; …" Bess, 337 F.3d at 989.  If the Court presumes Plaintiff received the Appeals Council's notice on June 30, 2015, the deadline for filing Plaintiff's complaint would have been August 31, 2015. However, Plaintiff's complaint was not filed until September 10, 2015.

In this case, Plaintiff's counsel does not provide the Court with any legal authority to support her position. Instead, she merely states: "It is up to this Court as to whether mental retardation, partial deafness, moving across the country to a different state, changing attorneys, and having two addresses in Arkansas, is sufficient to merit a finding of "extraordinary circumstances." The undersigned has been unable to find an Eighth Circuit case where the Court allowed the time limitations period for filing a complaint to be equitably tolled when the claimant is allegedly mentally retarded. Defendant cites to Bowen v. City of New York, 476 U.S. 467, 481 (1986), for the proposition that in most cases the Commissioner should make the determination whether to extend the sixty day period and that only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate" should the courts extend the period.  In McMillian v. Mississippi Lime Co., 311 Fed. Appx. 942 (8th Cir. 2009), the Eighth Circuit declined to equitably toll the limitations period for filing in a non-social security case, where an individual alleged that mental incapacity should have equitably tolled the limitations period for filing. Plaintiff has failed to provide the Court with sufficient facts or evidence supporting her position for the Court to be able to conclude that the filing period in this case should be equitably tolled.

3

**IV. Conclusion:**

Accordingly, the Court recommends granting Defendant's Motion to Dismiss, and dismissing Plaintiff's case with prejudice.  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of May, 2016.

.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE   JUDGE

4